1
2
3
4
5
6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                    * * *

9    PHILIP TRAGALE,                        Case No. 3:13-cv-00416-MMD-VPC

10                          Plaintiff,                    ORDER

11         v.

12   N. YOUNG, HAROLD BYRNE, ADAM
     WATSON, and RENEE BAKER,
13
                            Defendants.
14

15         This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by

16   a state prisoner. On December 30, 2013, Magistrate Judge Cooke issued an order

17   dismissing the complaint with leave to amend and directed Plaintiff to file an amended

18   complaint within thirty (30) days. (Dkt. no. 3 at 6.) The thirty-day period has now

19   expired, and Plaintiff has not filed an amended complaint or otherwise responded to the

20   Court's order.

21         District courts have the inherent power to control their dockets and "[i]n the

22   exercise of that power, they may impose sanctions including, where appropriate . . .

23   dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829,

24   831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's

25   failure to prosecute an action, failure to obey a court order, or failure to comply with

26   local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for

27   noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.

28   1992) (dismissal for failure to comply with an order requiring amendment of complaint);

1  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply
2  with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v.*
3  *U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
4  with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal
5  for lack of prosecution and failure to comply with local rules).

6      In determining whether to dismiss an action for lack of prosecution, failure to
7  obey a court order, or failure to comply with local rules, the court must consider several
8  factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need
9  to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
10  favoring disposition of cases on their merits; and (5) the availability of less drastic
11  alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*,
12  833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

13      In the instant case, the Court finds that the first two factors, the public's interest in
14  expeditiously resolving this litigation and the Court's interest in managing the docket,
15  weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs
16  in favor of dismissal, since a presumption of injury arises from the occurrence of
17  unreasonable delay in filing a pleading ordered by the court or prosecuting an action.
18  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public
19  policy favoring disposition of cases on their merits — is greatly outweighed by the factors
20  in favor of dismissal discussed herein. Finally, a court's warning to a party that his
21  failure to obey the court's order will result in dismissal satisfies the "consideration of
22  alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33;
23  *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an amended
24  complaint within thirty days expressly stated: "IT IS FURTHER ORDERED that if
25  Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order,
26  this action will be dismissed with prejudice." (Dkt. no. 3 at 7.) Thus, Plaintiff had
27  adequate warning that dismissal would result from his noncompliance with the Court's
28  order to file an amended complaint within thirty (30) days.

1    It is therefore ordered that this action is dismissed without prejudice based on

2    Plaintiff's failure to file an amended complaint in compliance with this Court's December

3    30, 2013, order and for failure to state a claim.

4    It is further ordered that the motion to proceed *in forma pauperis* (dkt. no. 1) is

5    denied as moot.

6    It is further ordered that the Clerk of Court shall enter judgment accordingly.

7

8    DATED THIS 7th day of February 2014.

9

10    MIRANDA M. DU
     UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28